UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 11, 2018

LETTER TO COUNSEL:

    RE:   *James Marvin Owens, Jr. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
          Civil No. TJS-17-2313

Dear Counsel:

On August 14, 2017, the Plaintiff, James Owens, Jr. ("Mr. Owens"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 13 & 14.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In his applications for SSI and DIB, Mr. Owens alleged a disability onset date of April 9, 2010. (Tr. 12.) His application was denied initially and on reconsideration. (Tr. 134-78.) A hearing was held before an Administrative Law Judge ("ALJ") on November 19, 2014, and the ALJ found that Mr. Owens was not disabled under the Social Security Act. (Tr. 67-88, 115-23.) The Appeals Council vacated the ALJ's decision and sent Mr. Owens' case back for further review. (Tr. 129-32.) Thereafter, a second ALJ held another administrative hearing (Tr. 32-66) and issued a decision finding that Mr. Owens was not disabled (Tr. 9-25). The Appeals Council denied Mr. Owens' request for review of the second ALJ's decision (Tr. 2-5), making that decision the final, reviewable decision of the agency.

The ALJ evaluated Mr. Owens' claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Mr. Owens was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since April 9, 2010. (Tr. 14.) At step two, the ALJ found that Mr. Owens suffered from the following severe impairments: depressive disorder, bipolar disorder,

---

[1] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On April 4, 2018, the case was re-assigned to me.

and borderline intellectual functioning. (*Id.*) At step three, the ALJ found that Mr. Owens' impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 16.) The ALJ determined that Mr. Owens retained the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and carry out simple instructions. The claimant shall engage in no work requiring written instructions. The claimant can perform work at a normal pace. The claimant shall engage in no more than occasional contact with the public and coworkers.

(Tr. 18.)

At step four, the ALJ determined that Mr. Owens was unable to perform past relevant work. (Tr. 24.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Owens can perform, including industrial cleaner, warehouse worker, bakery worker, housekeeper, and laundry worker. (Tr. 24-25.) Therefore, the ALJ found that Mr. Owens was not disabled under the Social Security Act. (Tr. 25.)

Mr. Owens raises three arguments in this appeal. First, he argues that the ALJ's RFC assessment did not address his limitations with regard to concentration, persistence, and pace. Second, he argues that the ALJ failed to develop the record and failed to adequately explain how the medical opinion evidence supported a conclusion that he is not disabled. Third, he argues that the ALJ's determination that he has no physical impairments is not supported by substantial evidence.

After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not adequately account for Mr. Owens' limitations in concentration, persistence, and pace in the RFC determination. Because the ALJ did not properly assess Mr. Owens' RFC, the findings made in reliance on that RFC cannot be said to be based on substantial evidence. In light of these findings, I decline to address Mr. Owens' remaining arguments.

Mr. Owens argues that the ALJ's RFC assessment fails to take into account his limitations in maintaining concentration, persistence, and pace. (ECF No. 13-1 at 10.) In support of this argument, Mr. Owens relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, the ALJ discussed Mr. Owens' limitations with regard to concentration, persistence, and pace as part of the step two analysis. (Tr. 16-17.) The ALJ stated that "[w]ith

regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations." (*Id.*) The ALJ's finding that Mr. Owens has moderate limitations with regard to concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 364, 421, 481, 495, 649, 653.)

The ALJ's RFC assessment does not account for Mr. Owens' moderate limitations with regard to concentration, persistence, and pace. The RFC assessment limits Mr. Owens to performing work that only requires him to "understand, remember, and carry out simple instructions," and that does not require him to follow written instructions. (Tr. 18.) This limitation itself does not account for his moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Mr. Owens might be able to follow simple instructions to perform tasks for a short period of time but unable to sustain his performance for a full workday and workweek. Mr. Owens' ability to perform simple tasks and to follow simple verbal instructions is not the same as his ability to stay on task. *See id.*

The ALJ's RFC assessment also notes that Mr. Owens "can perform work at a normal pace." (Tr. 18.) It is unclear whether the ALJ's inclusion of "work at a normal pace" is a limitation meant to account for Mr. Owens' difficulties in maintaining concentration, persistence, and pace, or whether it is meant to explain why his difficulties do not require a limitation in his RFC. The Acting Commissioner argues that by referring to "normal-paced work," the ALJ was implicitly ruling out "faster production-paced work." (ECF No. 14-1 at 11.) But this is not what the ALJ's decision says. Mr. Owens rightly points out that working at a "normal pace" would not appear to be a limitation. (*See* Tr. 415 ("If he can work at a normal pace he could not have a moderate impairment in concentrating, persisting, or maintaining pace.").)

The Acting Commissioner cites to other cases in which district courts in the Fourth Circuit have concluded that a limitation of a claimant's work-pace is sufficient to account for moderate difficulties in concentration, persistence, and pace. (ECF No. 14-1 at 11.) But in all of the cases cited by the Acting Commissioner, the ALJ's incorporation of a work-pace limitation was explicit. *See Michaels v. Colvin*, No. 15-388-RJC-DSC, 2016 WL 8710975, at *7 (W.D.N.C. Mar. 25, 2016) (holding that an ALJ's RFC limitation to "work in a nonproduction pace rate[]" accounted for the claimant's limitations in concentration, persistence, and pace), *report and recommendation adopted,* No. 15-00388-RJC-DSC, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), *aff'd sub nom. Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017); *Gair v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3652, 2015 WL 5774982, at *2 (D. Md. Sept. 28, 2015) (finding that an ALJ's limitation to "no strict production quotas" adequately accounted for moderate limitations in concentration, persistence, and pace because such limitation accounted for "any time that [the claimant] would be off-task due to his limited ability to stay focused"); *Henig v. Colvin*, No. TMD-13-1623, 2015 WL 5081619, at *12 (D. Md. Aug. 26, 2015) (concluding that a limitation that excluded a claimant from "production-line type work" adequately accounted for moderate limitations in concentration, persistence, and pace); *see also Russo v. Astrue*, 421 F. App'x 184, 192 (3d Cir. 2011) (approving of ALJ's limitation in a hypothetical question to work in which the individual "would not have a quota to fulfill" because such limitation accounted for the claimant's moderate difficulties with concentration, persistence, and pace); *Seamon v. Astrue*, 364 F. App'x 243, 248 (7th Cir. 2010) ("[T]he ALJ captured her moderate limitation in concentration, persistence, and pace when he included a

restriction of 'no high production goals.'") Here, the ALJ only stated that Mr. Owens could work at a "normal pace." The ALJ did not state that Mr. Owens could work at a "nonproduction pace rate," or at jobs with "no high production goals." The ALJ also did not state that Mr. Owens was precluded from jobs with "strict production quotas," "production-line type work," or jobs that had "a quota to fulfill." The ALJ's limitation of Mr. Owens to work performed at a "normal pace" is unlike the limitations that other courts have found to comply with *Mascio*.

In summary, the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of Mr. Owens' limitations, the Court cannot find that the RFC provides an accurate description of the work that he is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Mr. Owens' limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Mr. Owens' moderate limitations in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Mr. Owens is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 13 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

4